UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COREY FORD,

                              Plaintiff,

        -v-                                    9:09-cv-723
                                               (DNH/ATB)


JOSEPH T. SMITH, Superintendent/1st
Deputy Superintendent, Shawangunk
Correctional Facility; and JOHN MALY, Deputy
Superintendent of Security, Shawagunk
Correctional Facility,


                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                          OF COUNSEL:

COREY FORD, Pro Se
95-A-8605
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12584


HON. ERIC T. SCHNEIDERMAN             BRIAN J. O'DONNELL, ESQ.
New York State Attorney General       Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY12224

DAVID N. HURD
United States District Judge

## DECISION and ORDER

        Plaintiff brought this civil rights action pursuant to 42 U.S.C. § 1983.  On August 7,

2012, the Honorable Andrew T. Baxter, United States Magistrate Judge, advised, by Report-

Recommendation, that defendants' motion for summary judgment be denied as to plaintiff's First Amendment claims based on interference with his general mail between January 2008 and March 2009, and granted as to all other remaining claims.  Both parties timely filed objections to the Report-Recommendation.

When reviewing a Report-Recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); Fed. R Civ. P. 72(b).  A court must make "'a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"  United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997) (quoting § 636(b)(1)).

Specifically, defendants object to Magistrate Judge Baxter's conclusion that "[w]ithout more specific documentation or evidence, an issue of fact exists as to whether good cause existed for the continuing mail watch of plaintiff's general mail, at least after January 2008."  Dkt. No. 82, at 13.  After a de novo review of both parties' objections to the Report-Recommendation and review of plaintiff's First Amendment claims based on interference with his general mail between January 2008 and March 2009, it is found that defendants had good cause to conduct the mail watch between January 2008 and March 2009.  This conclusion is based on the following:  good cause for a mail watch leading into 2006 as established in Ford v. Phillips, No. 05 Civ. 6646, 2007 WL 946703, at *14–15 (S.D.N.Y. Mar. 27, 2007)[1]; plaintiff's disciplinary history while in the Special Housing Unit

---

[1]  In addition to the security concerns which prompted the commencement of the initial mail watch in 2004, in or around 2006 prison officials confiscated at least one letter that was relevant to the prison's investigation of plaintiff's assault against a correctional officer, and one letter through which plaintiff attempted to influence a witness in his trial on those charges.

since 2004, including prior correspondence violations; and the testimony of defendants Maly and Smith that plaintiff continued to violate correspondence rules throughout 2008 and 2009. See Maly Aff., Dkt. No. 74–10, ¶¶ 6–13, 15–17, 19–26; Smith Aff., Dkt. No. 74–3, ¶¶ 5–9. Defendants have satisfied their burden to demonstrate a legitimate penological interest in maintaining the safety, security, and order in Shawangunk Correctional Facility, and have also shown that they had good cause to intercept plaintiff's mail.  Accordingly, plaintiff cannot show that the interference with his mail was greater than necessary to the protection of defendants' asserted interests, and thus he cannot sustain his First Amendment claim.

After a de novo review of all objections, including those asserted by plaintiff and not discussed herein, Judge Baxter's August 7, 2012, Report-Recommendation will be modified to reflect that defendants' motion for summary judgment will be granted in its entirety and the complaint will be dismissed.

Therefore, it is

ORDERED that

1.  The Report-Recommendation is MODIFIED;

2.  Defendants' motion for summary judgment is GRANTED; and

3.  The complaint is DISMISSED.

IT IS SO ORDERED.

_____
United States District Judge

Dated:  October 2, 2012
        Utica, New York.